IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRZYSZTOF KRAWIEC, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No. |
| NATIONWIDE CREDIT AND | ) | |
| COLLECTION, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Krzysztof Krawiec, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to §1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, emotional distress caused by Defendant's contact with him in regard to a

1

debt when Defendant knew he was represented by counsel in respect to that debt, and by falsely stating the legal status of the debt.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Krzysztof Krawiec ("Mr. Krawiec" or "Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Loyola University Health Systems. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Nationwide Credit and Collection, Inc. ("NCC"), is an Illinois based corporation, with its principal place of business at 815 Commerce Drive, Suite 270, Oak Brook, Illinois 60523. NCC does or transacts business in Illinois. Its registered agent is Gregg Minkow, who can be found at 123 N. Wacker Drive, Suite 250, Chicago, Illinois 60606. (Exhibit A, Record from Illinois Secretary of State).

8. NCC regularly collects, or attempts to collect, consumer debt owed to another.

9. NCC acts as a debt collector as defined by §1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

10. NCC also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. NCC is licensed as a collection agency in Illinois. (Exhibit B, Record from Illinois Department of Financial and Professional Responsibility).

## FACTUAL ALLEGATIONS

12. According to Defendant, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("alleged debt"), originally owed to Loyola University Health Systems ("Loyola") for medical care. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

13. Due to financial hardship, Plaintiff was unable to pay the alleged debt, and it went into default.

14. Due to Plaintiff's deteriorating financial situation, he sought the assistance of bankruptcy counsel, and retained the Corbin Law Firm, LLC to represent his interests in filing bankruptcy.

15. On September 27, 2018, Plaintiff filed for Chapter 7 Bankruptcy, case number 18-27181, in the United States Bankruptcy Court for the Northern District of Illinois.

16. Plaintiff was told by his counsel that counsel would act as an intermediary between him and debt collectors, and that Plaintiff would not be contacted directly by debt collectors.

17. On September 30, 2018, the Bankruptcy Noticing Center sent notice of the bankruptcy filing to all creditors and debt collectors listed on Plaintiff's petition, including to NCC. (Exhibit C, Certificate of Notice).

18. On information and belief, NCC received the bankruptcy notice shortly thereafter.

19. This notice of bankruptcy included Plaintiff's counsel's name, phone number, address and email address. It also included notice that Plaintiff had filed bankruptcy and provided the case name and number for the bankruptcy.

20. The bankruptcy was also filed publicly, and available to his creditors, as it was public record.

21. On or shortly after September 30, 2018, NCC knew that Plaintiff was represented by counsel and had filed for bankruptcy.

22. Despite the fact that Defendant knew that Plaintiff was represented by counsel, and had filed for bankruptcy, NCC contacted Plaintiff directly in an attempt to collect the alleged debt.

23. On October 15, 2018, NCC mailed a collection letter to Plaintiff attempting to collect the alleged debt. (Exhibit D, Collection Letter).

24. The letter contained the name of the alleged creditor, the alleged balance due and stated, *inter alia*:

> **COLLECTION DEMAND**
> THE AMOUNT DUE IS YOUR RESPONSIBILITY.
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR
> AND IS AN ATTEMPT TO COLLECT A DEBT;
> ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**(Exhibit D, Collection Letter).**

25. The letter additionally stated in relevant part:

> If we do not receive payment or hear from you upon receipt of this letter, we may consider your lack of response a deliberate refusal to pay or unwillingness to cooperate in resolving this matter.

26. The October 15, 2018, letter was a communication sent in connection with the collection of a debt.

27. 15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **§1692c. Communication in connection with debt collection**
>
> **(a) Communication with the consumer generally.**
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> …
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. . . .**

28. Despite the fact that Defendant knew that Plaintiff was represented by counsel, because it had been provided notice by the Bankruptcy Noticing Center, Defendant mailed a collection letter to Plaintiff, demanding that the alleged debt be paid immediately.

29. Defendant violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when it mailed a letter to Plaintiff, in connection with the collection of a debt, despite knowing that Plaintiff was represented by counsel.

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **§ 1692e. False or Misleading Representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

31. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) when it claimed that $53 was due and that Plaintiff should pay immediately, even though this was not true since the Bankruptcy Court had entered an automatic stay.

32. Plaintiff was alarmed at receiving the collection letter, as his counsel had previously assured him that he would notify his alleged creditors that his office represented him regarding the debt, and that Plaintiff would not be contacted by Defendant after his counsel sent notice of his representation.

33. Section 1692d of the FDCPA states in relevant part:

**§ 1692d. Harassment or abuse.**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.**

34. Defendant violated 15 U.S.C. § 1692d when it contacted Plaintiff directly, in an attempt to collect a debt, when it knew that he was represented by counsel.

35. Section 1692f of the FDCPA provides as follows:

**§ 1692f. Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

36. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect the alleged debt from Plaintiff, even though Defendant had no legal right to do so because of Plaintiff's bankruptcy filing and the automatic stay in place.

37. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

39. Defendant violated 15 U.S.C. § 1692c(a)(2) of the FDCPA when it mailed a letter to Plaintiff, in connection with the collection of a debt, despite knowing that Plaintiff was represented by counsel.

40. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) when it claimed that $53 was due and that Plaintiff should pay immediately, even though this was not true since the Bankruptcy Court had entered an automatic stay.

41. Defendant violated 15 U.S.C. § 1692d when it contacted Plaintiff directly, in an attempt to collect a debt, when it knew that he was represented by counsel.

42. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect the alleged debt from Plaintiff, even though Defendant had no legal right to do so because of Plaintiff's bankruptcy filing and the automatic stay in place.

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant for the count alleged above for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages from each defendant pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys